(Judge Cox, of the First Circuit, taking the place of Judge Stewart.)

MARGARET BRUDER & JOHN B. BRUDER v. IDA BIEHL, ADMX.

1. DEMURRER TO BILL OF PARTICULARS.
    It is not proper practice to file a demurrer to a bill of particulars before a justice of the peace.

2. OVERRULING MOTION TO DISMISS.
    It is not error for a justice of the peace to overrule a motion to dismiss, the hearing of which involves the merits of the case, and proceed to a trial of the action as if no such motion was filed.

3. LIABILITY OF HUSBAND FOR ANTENUPTIAL DEBTS.
    Before the act of 1884, the husband was liable for the antenuptial debts of his wife, and a joint judgment might properly be rendered against husband and wife on such indebtedness. The act of 1884 qualifies this liability.

4. RIGHT OF DEFENDANT TO RETRIAL OF CAUSE.
    A defendant properly summoned, and appearing and making defense before a justice of the peace, and against who n a judgment is rendered, and who does not appeal, cannot on petition in error to reverse such judgment have a retrial of the case on the facts, and an amendment to his petition in error, assigning such errors of fact, may be disregarded.

ERROR to the Court of Common Pleas of Franklin county.

WILLIAMS, C. J.

On the 24th of November, 1882, Henry Biehl brought suit against Margaret Bruder and John Bruder before a magistrate to recover $114.75, due on settlement from Margaret before she married John. The action was a joint one against both husband and wife.

It appears the parties were duly summoned, and Margaret made defense. She first filed a demurrer, which was overruled, and then a motion to dismiss on the ground that the liability was not upon any contract which she, as a married woman, was authorized to make. This motion was overruled. A trial was

then regularly had, Biehl and Margaret both examined as witnesses, and judgment rendered for the plaintiff.

The Bruders then prosecuted a petition in error to the common pleas court to reverse judgment, and afterward filed an amendment to the petition in error, alleging certain errors of fact, among them that Margaret was a married woman when the debt was contracted, and that it was not her debt but that of her former husband.

A demurrer was filed to this amendment, which was sustained, and the magistrate's judgment was affirmed. This petition in error is to reverse the common pleas.

1. It was not error for the justice to overrule the demurrer to the plaintiff's bill of particulars. There is no authority for filing a demurrer before a justice of the peace. A bill of particulars is not required to state a cause of action with the accuracy of a petition, but simply to state the nature of the claim in general terms, which the plaintiff's bill of particulars sufficiently did.

2. There was no error in overruling the motion to dismiss. The motion called for an examination of the facts relating to Margaret's liability which could only be properly made on the trial—and a hearing of the motion on the evidence would be a trial of the action.

3. No bill of exceptions was taken, the transcript on its face shows that the proceedings of the justice of the peace were regular. Every presumption will be made in favor of the judgment. It will therefore be presumed that every fact necessary to establish the liability of the defendants was properly proven before the magistrate—and upon a proper state of facts a joint action may be maintained against husband and wife on the antenuptial contract of the wife. The statute then in force recognized such right of action. Section 3110 Swan's New Treatise, 593 ; 31 O. S., 546 ; 25 O. S., 500.

It is true the statute was changed in 1884 so as to make the husband liable for the antenuptial contracts of his wife, to the extent only that he received her separate estate.

But the law in force at the time the debt was contracted must govern the wife's liability, and the law in force at the time of the marriage fixes that of the husband, both of which were before the act of 1884.

The justice did not err, therefore, in rendering a joint judgment against the husband and wife.

4. The sustaining of the demurrer to the amended petition in error by the common pleas court was immaterial and not prejudicial. The question still remained whether the common pleas court erred in affirming the judgment upon the whole case made by the original and the amended petition in error. The purpose of the amendment was to have a retrial in the common pleas of the facts relating to the liability of the defendants upon the evidence as upon an appeal.

No such right exists under a petition in error in any form.

Under our present system of legislation, which specifically provides for appeals to the common pleas where pleadings of fact are to be filed and a retrial had upon the facts, as if it had original jurisdiction, and also provides for excepting to any ruling of the justice and to take bills of exceptions before him, so as to preserve every error properly on his record, and for proceedings by petition in error, to review his record in such cases, it cannot be allowed that after the party has had and exercised his election not to appeal, but to prosecute error, he shall convert his petition in error to a pleading of fact to retry the same matter on the evidence which he tried before the magistrate, and from which he took no appeal.

Judgment affirmed with costs—no penalty.

Byrne, Peters & Ewing, for plaintiffs in error.